**UNITED STATES of America**

v.

**Carl F. MUSSER, Appellant.**
(Two Cases)

**Nos. 88–3006, 88–3007.**

United States Court of Appeals,
District of Columbia Circuit.

June 21, 1989.

Before RUTH BADER GINSBURG, D.H. GINSBURG and SENTELLE, Circuit Judges.

ORDER

PER CURIAM.

Upon consideration of appellant's petition for rehearing, it is

ORDERED, by the Court, that the petition is denied for the reasons set forth in the opinion of the Court filed this date.

OPINION

PER CURIAM:

Appellant argues that the six-month maximum penalty addressed by the Supreme Court in *Blanton v. City of North Las Vegas,* —— U.S. ——, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989), can be distinguished from the six-month penalty at issue here: The penalty in *Blanton* was legislatively enacted, and thus indicated the legislature's perception that the offense was not serious, whereas the penalty here was promulgated in a regulation issued by the Department of the Interior without the input of either the legislature or the public. Appellant's argument is not without some force, inasmuch as the Court in *Blanton* did consider legislative action an important indicator that the six-month maximum penalty there rendered the underlying offense presumptively petty. We do not think the distinction dispositive here, however.

First, appellant's argument overlooks the distinction between offenses that are *malum in se,* that is, acts that—like the driving under the influence offense at issue in *Blanton*—are morally wrong, *see United States v. Craner,* 652 F.2d 23, 26 (9th Cir.1981), and those that are merely *malum prohibitum,* or wrongs only because prohibited. Conviction of an offense that is *malum in se* may or may not carry a stigma that makes it "serious" notwithstanding a light maximum penalty; there are the mortal and the merely venial sins in every moral code. The potential stigma associated with a *malum in se* conviction is substantially mitigated, however, where (as in *Blanton* ) the legislature has established a light penalty, because that indicates that the public considers the offense to be non-serious. *Cf. id.* at 25 (lack of public input in establishing six-month maximum penalty for DUI not dispositive of right to trial by jury because DUI is *malum in se* ); *see also id.* at 27–28 (Sneed, J., concurring). By contrast, an offense that is *malum prohibitum,* like the unattended sign regulation under which appellant was convicted, does not carry with it any stigma independent of the maximum possible penalty. To the contrary, the maximum prescribed penalty—regardless of the extent of legislative or public input in establishing it—defines the total burden that may be imposed upon one convicted of such an

offense. Thus, there is no need, as there was in *Blanton*, to look for a legislative determination (or other public input, as in rulemaking) in search of evidence that the offense is somehow less serious than it might otherwise seem.

Second, even were we to ignore the six-month maximum penalty promulgated by Interior on the ground that it does not reflect any legislative or otherwise representative assessment of the seriousness of the offense, we would still not automatically deem the offense "serious"; to the contrary, the Supreme Court in *Blanton* reaffirmed that where the legislature has not itself established a maximum sentence, as in a prosecution for criminal contempt, "the severity of the penalty actually imposed," *i.e.*, whether it is six months' incarceration or something more, "is the best indication of the seriousness of the particular offense." *Blanton*, 109 S.Ct. at 1292 n. 6 (citing *Frank v. United States*, 395 U.S. 147, 149, 89 S.Ct. 1503, 1505, 23 L.Ed.2d 162 (1969)). Here, appellant was sentenced to six months in prison for the offense in question; thus, we would still conclude that appellant was convicted of a "petty" offense and therefore was not entitled to a trial by jury.